Darren P.B. Rumack
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

MARLON WELLS,

                        **Plaintiff**

v.                                                        **COMPLAINT**
                                                        Index No.

                                                        **JURY TRIAL**
                                                        **DEMANDED**

DYNAMEX INC. d/b/a DYMAMEX OPERATIONS
EAST, LLC

                        **Defendant.**

-----------------------------------------------------------------------x

1. Plaintiff, Marlon Wells ("Wells" or "Plaintiff") alleges as follows:

### NATURE OF THE ACTION

2. This Action on behalf of seeks the recovery of unpaid wages and related damages for unpaid overtime hours worked, while employed by Dynamex Inc. d/b/a Dynamex Operations East, LLC ("Dynamex"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

### PARTIES

3. Plaintiff Wells, a resident of New York State, was employed as a dispatcher in the mailroom at the Bank of New York Mellon at 101 Barclay Street in New York City from 1988 through July 31, 2015.

4. Mr. Wells was employed by various employers while working at this location, including working for Velocity Express ("Velocity") from on or about 2006 through August 2013, and for Defendant Dynamex from on or about August 2013 until July 31, 2015.[1]

5. Dynamex purchased Velocity Express in 2013, and as a result, is liable for Velocity's violations.[2]

6. Dynamex began issuing Plaintiff's paychecks in October 2013.

7. Plaintiff was employed by Defendant Dynamex during the relevant limitations periods.

8. Defendant Dynamex is a corporation, with its head office at 5429 LBJ Freeway, Suite 900, Dallas Texas, 75240. Defendant Dynamex is an American-based shipping company that is owned by Transforce Inc., with its principal office located at 8801 Trans-Canada Highway, Suite 500, Saint-Laurent Quebec, H4S 1X6.

9. Dynamex identifies itself as "an entrepreneurial-minded transportation services company, competing in Canada and the USA with a specific focus on same-day logistics and outsourced transportation services."[3]

---

[1] Plaintiff worked for CD&L Inc., which was purchased by Velocity in 2006. http://www.businesswire.com/news/home/20060818005180/en/Velocity-Express-Completes-Acquisition-CDL-Creates-Market
[2] http://www.joc.com/trucking-logistics/ltl-shipping/transforce/transforce-buy-velocity-express_20130117.html
[3] https://www.dynamex.com/about-us

10. Transforce purchased Dynamex in or around February 2011.[4]

11. Upon information and belief, Dynamex has an annual gross volume of sales in excess of $500,000.00.

12. At all relevant times, Dynamex has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

14. Venue is proper in this District, because Defendant conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

15. Defendant committed the following alleged acts knowingly, willfully and intentionally.

16. Defendant knew that the nonpayment of overtime pay to Plaintiff would economically injure Plaintiff and violated state and federal laws.

17. Plaintiff was employed as a dispatcher and facility manager for Defendant.

---

[4] http://www.businesswire.com/news/home/20110223005244/en/Dynamex-Announces-Completion-Acquisition-TransForce

18. Plaintiff's primary job duties included, but were not limited to dispatching couriers to pick up packages, dispatching truck drivers to pick up and drop off packages, and answering phone inquiries from customers.

19. Plaintiff had no hiring, firing or disciplinary authority in his position.

20. Plaintiff did not interview potential employees on behalf of Dynamex.

21. While employed by Dynamex, any personnel issues that arose at Mr. Wells' job-site had to be reported to Pat Costello, Plaintiff's supervisor.

22. Throughout the course of his employment, Plaintiff generally worked five (5) days per week for Defendant, but would occasionally work on weekends if there was a problem with a delivery.

23. Throughout the course of his employment with Velocity, Plaintiff regularly worked at least nine and one half (9.5) hours per day for Defendant, from 7:00 am through 5:00 pm, with a thirty (30) minute lunch break, for a total of forty-seven and one-half (47.5) hours per week.

24. While working for Velocity, Plaintiff was paid a rate of $25.38 per hour.

25. Throughout the course of his employment with Dynamex, Plaintiff regularly worked at least nine (9) hours per day for Defendant, from 8:00 am through 5:00 pm, with no lunch break, for a total of forty five (45) hours per week.

26. From April 2015 through the end of his employment, Plaintiff took a thirty (30) minute lunch break every day.

27. While working for Dynamex, Plaintiff was paid a rate of $25.8825 per hour.

28. Plaintiff often worked in excess of forty (40) hours per workweek.

29. Defendant unlawfully failed to pay the Plaintiff one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per workweek.

30. Defendant failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages

31. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

32. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations applies to Defendant and protects Plaintiff.

33. Defendant has willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

34. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

35. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

36. The overtime wage provision of Article 19 of the New York Labor Law and its supporting regulations applies to Defendant and protects Plaintiff.

37. Defendant has willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

38. Defendant's knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

39. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

40. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendant failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

42. Defendant failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

43. Defendant's failure to make, keep and preserve accurate records was willful.

44. As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## **PRAYER FOR RELIEF**

45. WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

    c. Penalties available under applicable laws;

    d. Costs of the action incurred herein, including expert fees;

    e. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

    f. Pre-judgment and post-judgment interest, as provided by law; and

    g. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: New York, New York  
January 18, 2016

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack  
11 Broadway, Suite 960  
New York, NY 10004  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff.*